Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



**MEMORANDUM OPINION**

No. 04-07-00626-CR

Donnell Curtis **BROWN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CR-4737B
Honorable Mary Román, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:      Catherine Stone, Justice
            Sandee Bryan Marion, Justice
            Rebecca Simmons, Justice

Delivered and Filed:    August 20, 2008

AFFIRMED

Donnell Curtis Brown was convicted by a jury of murder. On appeal, Brown contends the

trial court abused its discretion in admitting: (1) evidence of his gang affiliation during the guilt-

innocence phase of trial; and (2) his oral custodial confession of gang affiliation. We affirm the trial

court's judgment.

In his first point of error, Brown contends the trial court abused its discretion in admitting

evidence of his gang affiliation in violation of his constitutional right to associate guaranteed by the

First Amendment of the United States Constitution. To preserve error for appellate review, a party must make a timely and specific objection or motion at trial, and there must be an adverse ruling by the trial court. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008); TEX. R. APP. P. 33.1. During trial, Brown objected that the gang affiliation evidence was not relevant under Rule 402, prejudicial under Rule 403, and improper character evidence under Rule 404. Brown did not assert an objection based on his constitutional right to associate; therefore, this complaint has not been preserved for our review. *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004).

In his second point of error, Brown asserts the trial court abused its discretion in admitting evidence of his gang affiliation during the guilt-innocence phase of trial because it was unfairly prejudicial and was character conformity evidence prohibited by Texas Rule of Evidence 404. Under Texas Rule of Evidence 404(b), evidence of other crimes, wrongs, or acts is inadmissible to prove character conformity. TEX. R. EVID. 404(b). As a general rule, evidence of gang affiliation falls within the Rule 404(b) exclusion of "other crimes, wrongs or acts" used to show character conformity. *See Pondexter v. State*, 942 S.W.2d 577, 583–84 (Tex. Crim. App. 1996) (holding that evidence of gang affiliation had been introduced for the sole purpose of showing the defendant's bad character).

Although Rule 404(b) prohibits the admissibility of gang affiliation evidence to show that a person acted in conformity therewith, such evidence is admissible for other purposes, such as proof of motive, intent, or identity. TEX. R. EVID. 404(b); *see also Williams v. State*, 974 S.W.2d 324, 331 (Tex. App.—San Antonio 1998, pet. ref'd.) (finding that evidence of defendant's gang affiliation was admissible to prove motive). In the case at hand, the State's theory of the offense was that three gang members, including Brown's little brother, went into another gang's neighborhood and were told to leave after a brief confrontation. Brown later returned and fired shots near the location of

the prior confrontation, killing the victim. Evidence of Brown's gang affiliation was relevant to show Brown's motive for the shooting. *See Vasquez v. State*, 67 S.W.3d 229, 239 (Tex. Crim. App. 2002) (holding gang affiliation evidence is relevant to show motive for a gang-related crime).

Under Texas Rule of Evidence 403, otherwise relevant evidence under Rule 404(b) may be excluded if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403. A court should consider four factors in determining whether evidence is unfairly prejudicial: (1) the weight of the probative evidence; (2) the potential of the evidence to impress the jury in some irrational, but nevertheless indelible way; (3) the proponent's need for the evidence; and (4) the length of time the proponent needs to develop the evidence. *Montgomery v. State*, 810 S.W.2d 372, 389–90 (Tex. Crim. App. 1990). In this case, evidence of Brown's gang affiliation had substantial probative value because it was relevant to prove Brown's motive for the shooting. Furthermore, the State had a great need for the evidence in proving its theory with regard to the shooting. Finally, the time needed to develop the evidence was brief. Although we recognize that evidence of gang membership may be prejudicial, *see Galvez v. State*, 962 S.W.2d 203, 206 (Tex. App.—Austin 1998, pet. ref'd) (holding that gang evidence is highly prejudicial at the guilt/innocence stage), the trial court did not abuse its discretion in determining the evidence in this case was more probative than prejudicial.

In his final point of error, Brown contends the trial court abused its discretion in admitting his oral custodial confession of gang affiliation because the State failed to adhere to the requirements of article 38.22 of the Texas Code of Criminal Procedure in obtaining the confession. Article 38.22, however, only applies to custodial interrogations. *Dowhitt v. State*, 931 S.W.2d 244, 263 (Tex. Crim. App. 1996); *Lam v. State*, 25 S.W.3d 233, 239 (Tex. App.—San Antonio 2000, no pet.). In this case, the record reveals that Brown's disclosure of his gang affiliation occurred in response

to questions from an officer seeking to classify Brown for placement in the inmate population. The officer explained that questions are asked regarding gang affiliation to ensure that rival gang members are not placed together due to safety concerns. Routine booking questions do not constitute "interrogation" because they do not normally elicit incriminating responses. *Cross v. State*, 144 S.W.3d 521, 524 n.5 (Tex. Crim. App. 2004). Gang-affiliation is a routine booking question necessary to segregate inmates to secure the safety of inmates and employees at a county jail. *Ramirez v. State*, No. AP-75167, 2007 WL 4375936, at *14-15 (Tex. Crim. App. Dec. 12, 2007) (not designated for publication). Because Brown's admission of his gang affiliation to the officer was not in response to custodial interrogation, the trial court did not err in overruling Brown's objection based on article 38.22. Accordingly, the trial court did not abuse its discretion in admitting the evidence.

The trial court's judgment is affirmed.

Rebecca Simmons, Justice

DO NOT PUBLISH